**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARIE WEINSTEIN, on her own behalf
and others similarly situated,**

           **Plaintiff,**

**-vs-**                                             **Case No. 6:12-cv-152-Orl-19KRS**

**NUTRITIOUS LIFESTYLES, INC., a
Florida corporation and JANET MCKEE,
individually,**

           **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL (Doc. No. 22)**
>
> **FILED:** April 10, 2012
> _____
>
> **THEREFORE** it is **ORDERED** that the motion is **DENIED without prejudice**.

The parties have advised the Court that they entered into a settlement agreement resolving this case. They seek a finding that the settlement is fair resolution of a bona fide dispute under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). They attached to the motion a copy of the fully executed settlement agreement.

When, as in the present case, Plaintiff compromises her FLSA claim and the settlement agreement provides for payment of attorney's fees, the "FLSA requires judicial review of the reasonableness of counsel's legal fees and costs to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the Plaintiff agreed to accept under the settlement agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)[1]. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

In the settlement agreement, the attorney's fees were included in the gross amount to be paid to Weinstein. Doc. No. 26-1 at 2. Counsel do not represent that they negotiated the attorney's fees to be paid separately and without regard to the amount that Weinstein agreed to accept in settlement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). Having failed to comply with *Bonetti*, it is necessary for the Court to review the contemporaneous time records of counsel for Weinstein, evidence regarding the reasonable hourly rate for each professional who worked on the case, and evidence of the actual costs incurred to determine whether the attorney's fees and costs sought are reasonable.

Accordingly, it is **ORDERED** that on or before May 23, 2012, counsel for Weinstein shall file a renewed motion for a fairness finding setting forth the amount of overtime compensation Weinstein contends she was due, including whether she sought liquidated damages, the reason she agreed to accept less than this amount, and certifying either compliance with *Bonetti* or submitting

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. See 11th Cir. R. 36-2 and I.O.P. 6.

the evidence required to determine whether the attorney's fees and costs to be paid under the settlement agreement are reasonable.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record